UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROSALYN LITHA CAFFEY )
     Plaintiff, )
      )
v. )    **No. 3:15-0365**
      )    **Judge Campbell/Knowles**
NATIONSTAR MORTGAGE, LLC, )
et al. )
     **Defendants.** )

## R E P O R T   A N D   R E C O M M E N D A T I O N

By an order (Docket Entry No. 3) entered April 3, 2015, the Court referred this matter to the undersigned "for entry of a scheduling order; decision on all pretrial, nondispositive motions; and a report and recommendation on any dispositive motions."

### I. Filing Fee

The plaintiff, acting *pro se*, is a resident of Nashville. She has filed an application to proceed in forma pauperis (Docket Entry Nos. 5-6, 8-10). It appears from the application that the plaintiff lacks sufficient financial resources from which to pay the fee required to file the complaint (Docket Entry No. 1). Therefore, the application should be granted and the complaint filed in forma pauperis. 28 U.S.C. § 1915(a).

### II. Frivolity Review

Because the plaintiff may be granted pauper status, the undersigned is now obliged to review the complaint to determine whether it is frivolous, malicious or, for some other reason, fails to state

1

a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

The plaintiff brings this action against NationStar Mortgage, LLC, a Delaware corporation; Safeguard Properties, LLC, a Delaware corporation; U.S. Properties, LLC, a Tennessee corporation; and AllState Insurance Company, headquartered in Illinois; seeking damages.

On or about April 4, 2014, agents of NationStar, Safeguard and U.S. Properties allegedly broke into a home belonging to the plaintiff in Morrow, Geogia in order to "change locks and get it ready for sale ... due to foreclosure". Docket Entry No. 1 at pg. 8. Agents of AllState later allegedly entered plaintiff's house without notifying her. *Id.*

The plaintiff asserts a number of claims arising from this incident, including negligence, breach of contract, negligent infliction of emotional distress, defamation, invasion of privacy, theft of property, fraud, a violation of the Fair Housing Act of 1968 and a violation of the Consumer Protection Act.

Federal district courts are courts of limited jurisdiction. <u>Rowan & Son v. Department of Housing and Urban Development</u>, 611 F.2d 997, 998 (5th Cir. 1980). They are empowered to adjudicate only those claims involving parties with diversity of citizenship, 28 U.S.C. § 1332, and those claims arising from a federal question. 28 U.S.C. § 1331.

The plaintiff alleges that diversity jurisdiction is her basis for bringing this action to federal court. Docket Entry No. 1 at pg. 1. For diversity jurisdiction to attach, there must be complete diversity of citizenship between the parties. <u>Catepillar, Inc. v. Lewis</u>, 17 S.Ct. 467, 472 (1996). In this case, the plaintiff and the defendant, U.S. Properties, are residents of Tennessee. *Id.* at pg. 3. Consequently, there is clearly no complete diversity of citizenship among the parties. Thus, for the plaintiff's claims to be actionable in this Court, they must arise from a federal question.

The only claims raised by the plaintiff that could potentially implicate a federal question are those asserting violations of the Fair Housing Act of 1968 and the Consumer Protection Act. The plaintiff uses identical language to set forth each these claims. According to the plaintiff, the defendants

> did intentionally, willingly, knowingly, recklessly, wantonly did tell lies, and falsehoods in letters and faxes and orally in person against Plaintiff Rosalyn Litha Caffey and broke into and gave orders to enter into Plaintiff Rosalyn Litha Caffey's home at 2617 Peggy Sue Lane, Morrow, Georgia, and did take control over Plaintiff medical records covered by HIPPA, final records, checks, personal property, business records without limit.

Docket Entry No. 1 at pg. 14.

Such language in no way states a claim for relief under either the Fair Housing Act of 1968 or the Consumer Protection Act. Therefore, the plaintiff has failed to allege a federal question basis for this Court's subject matter jurisdiction.

## RECOMMENDATION

The plaintiff has shown that she lacks sufficient financial resources from which to pay the filing fee. Accordingly, the undersigned respectfully RECOMMENDS that her application to proceed in forma pauperis be granted. 28 U.S.C. 1915(a). It is further RECOMMENDED, however, that this action be dismissed for lack of subject matter jurisdiction, and that any appeal of the Report and Recommendation, if adopted by the Court, would not be taken in good faith. 28 U.S.C. § 1915(a).

Any objections to this Report and Recommendation must be filed with the Clerk of Court

3

within fourteen (14) days of receipt of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified period of time may be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See* Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

E. Clifton Knowles
United States Magistrate Judge

4